[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13695
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-21019-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MARRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

David Marrero appeals his sentence of 120 months of imprisonment for

defrauding Medicare by operating a fraudulent healthcare clinic, 18 U.S.C.

§ 1347; conspiring to launder money, id. § 1956(h); and money laundering, id. § 1957. Marrero challenges findings of fact about the extent of his misconduct, the calculation of the amount of loss, and the enhancement of his sentence for his leadership role. We affirm.

The district court did not clearly err in its factual findings about Marrero's crimes. The district court relied on the evidence that it had heard at trial and selected a base offense level for Marrero's conviction of defrauding Medicare. The evidence established that Marrero incorporated and later operated Tendercare through counseling his wife, to whom he transferred the business after their divorce, and through his relationship with Keith Russell, whom Marrero hired to manage Tendercare. At Marrero's direction, Tendercare submitted to Medicare false invoices for treatments of patients allegedly suffering from human immunodeficiency virus and acquired immunodeficiency syndrome, including Marrero's aunt. Marrero recruited patients, instructed his wife to order medication, taught her about Medicare procedures, recruited Jorge Pacheco to falsify blood tests, falsified and trained Eda Milanes and others to falsify blood samples, signed "therapy pages" that recorded dosages of medication allegedly administered to patients, received payment from Tendercare for treatment allegedly administered to his aunt, and counseled his wife to pay patients

2

kickbacks from Tendercare's illegal profits. Marrero complains that evidence about his role in a conspiracy to defraud was used to determine his sentence, but the district court was entitled to consider all conduct relevant to Marrero's crimes, United States Sentencing Guidelines Manual § 1B1.3 (2009), including conduct for which Marrero was acquitted, see United States v. Culver, 598 F.3d 740, 752 (11th Cir. 2010).

The district court also did not clearly err in determining the amount of loss. Marrero argues that he was held accountable for a loss between $7 and $20 million, but the district court attributed to Marrero a loss between $2.5 and $7 million. The district court took into account Marrero's misconduct and "all reasonably foreseeable acts and omissions of others in furtherance of" the scheme to defraud Medicare, U.S.S.G § 1B1.3(a), and relied on the undisputed testimony of Marrero's wife that Medicare was billed approximately $5.8 million in fraudulent claims. Moreover, Marrero admits that "the evidence at trial showed that . . . the amount that was paid by Medicare [to Tendercare] . . . was $2,743,473.80."

The district court likewise did not clearly err when it enhanced Marrero's sentence based on his role as a leader in the scheme to defraud. A defendant is subject to a four-level enhancement of his sentence for serving as an "organizer or

3

leader" of a criminal activity "that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Facts relevant to a determination that an individual is a leader or organizer include his "exercise of decision making authority," his participation in and "degree of participation in planning or organizing the offense, . . . [his] recruitment of accomplices, . . . and the degree of control and authority [he] exercised over others." Id. cmt. n.4. Marrero does not dispute that his offense involved more than five participants. The evidence established that Marrero founded and later instructed his wife how to operate Tendercare, established a bank account for Tendercare, falsified test results and paperwork, and recruited patients and staff to defraud Medicare. See United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006). Although Marrero's wife had a significant role in the fraud, Marrero orchestrated the scheme to defraud.

We **AFFIRM** Marrero's sentence.